UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NITRIDE SEMICONDUCTORS CO. LTD.,

          Civil No. 21-437 (JRT/LIB)

    Plaintiff,

v.          MEMORANDUM OPINION AND ORDER
           GRANTING MOTION TO STAY

DIGI-KEY CORPORATION d/b/a Digi-Key
Electronics,

    Defendant.

David Radulescu and Etai Lahav, **RADULESCU LLP**, 5 Penn Plaza, 19th Floor, New York, NY 10001; Kevin S. Kudlac, **RADULESCU LLP**, 100 Congress Avenue, Suite 2000, Austin, TX 78701; and Forrest Tahdooahnippah, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for plaintiff.

Keith S. Moheban, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for defendant.

Defendant Digi-Key Corporation d/b/a Digi-Key Electronics ("Digi-Key") filed a motion asking the Court to dismiss, or alternatively to stay, Plaintiff Nitride Semiconductor Co., LTD.'s ("Nitride") claims arising from the sale of allegedly infringing products manufactured by Crystal IS, Inc. ("Crystal IS"). Because the customer suit exception applies, the Court will stay the claims as to the allegedly infringing products manufactured by Crystal IS.

**BACKGROUND**

Nitride filed this patent infringement action against Digi-Key—alleging infringement of claims 2 and 9 of U.S. Patent No. 6,861,270 ("the '270 Patent")— (Compl., Feb. 18, 2021, Docket No. 1.) claiming that Digi-Key infringed the '270 Patent by selling certain infringing products that were manufactured by American Opto Plus, Crystal IS, Kingbright Electronic Co., Ltd., and QT-Brightek Corp. (*Id*. ¶¶ 5–8.)

On May 24, 2021, Crystal IS, one of the allegedly infringing manufacturers, brought an action for a Declaratory Judgment of Non-Infringement against Nitride in the Northern District of New York. (Declaration of Keith S. Moheban, Ex. A (Compl., *Crystal IS, Inc. v Nitride Semiconductors Co., Ltd.*, Case No. 21-606 (N.D.N.Y. May 24, 2021)), Aug. 6, 2021, Docket No. 27.) Crystal IS asserts the Northern District of New York is its home district. (*Id*. ¶¶ 3, 14.) Digi-Key is unrelated to Crystal IS and is a customer that simply resells Crystal IS's allegedly infringing UV LEDs. (Def.'s Mem. Supp. Mot. Dismiss at 1, Aug. 6, 2021, Docket No. 25.)

In response to Crystal IS's lawsuit, Digi-Key filed the current motion asking the Court to dismiss, or alternatively, to stay Nitride's claims regarding the Crystal IS products pending the outcome of the Crystal IS action in New York. (Def.'s Mot. Dismiss, Aug. 6, 2021, Docket No. 23.) Nitride opposes dismissal of the claims but is agreeable to a stay with respect to the Crystal IS products also at issue in the Northern District of New York action. (Pl.'s Mem. Opp. Def.'s Mot. Dismiss at 1, Aug. 27, 2021, Docket No. 31.)

**DISCUSSION**

**I.      STANDARD OF REVIEW**

District courts have "the authority to consider motions to stay litigation before them under their broad equitable powers." *Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1378 (Fed. Cir. 2015). When asked to stay or dismiss an action in favor of another action, courts generally give priority to the action that was first filed. *P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F. Supp. 738, 740 (D. Minn. 1987). However, a specific exception relevant to patent litigation—aptly termed the "customer suit" exception—dictates that when a first-filed suit is directed toward a customer, rather than a manufacturer, a second suit involving the manufacturer and the patent holder may take priority over the first. *Id.* at 739-41; *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 240-41 (8th Cir. 1979) (holding that a court may dismiss or stay a suit against a customer in order to allow a suit between a manufacturer and patent holder to take priority). The customer suit exception creates a rebuttable presumption favoring a manufacturer's suit brought in its home jurisdiction over a customer suit in a jurisdiction in which the manufacturer cannot be sued. *Emerson*, 606 F.2d at 240-41 (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977)).

The Eighth Circuit has prescribed seven factors that courts analyze when determining if the presumption favoring the manufacturer's suit has been rebutted. These factors include whether (1) the manufacturer is the primary party; (2) the

manufacturer sells its products nationwide; (3) all witnesses reside in and around the manufacturer suit's district; (4) the principal place of business of all the parties is in the manufacturer suit's district; (5) records are in the manufacturer suit's district; (6) requiring separate litigation would result in judicial duplication; and (7) the declaratory action could not have been brought in the customer suit's district. *Id.* at 240-42 (citing *Codex*, 554 F.2d at 738; *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 179-80 (2d Cir. 1969)).

## II.   ANALYSIS

The Court finds that Nitride has failed to rebut the presumption favoring prioritization of the action involving Crystal IS. Rather than addressing each of the seven relevant *Emerson* factors, Nitride solely argues that Digi-Key is a nationwide retailer that has demonstrated that it will not be deterred by judgments against its suppliers. (Pl.'s Mem. Opp. Def.'s Mot. Dismiss at 6); *Emerson*, 606 F.2d at 241. In support of its assertion, Nitride argues that the litigation history between the parties demonstrates that Digi-Key has not been deterred from selling products allegedly infringing the '270 Patent made by other manufacturers like Crystal IS. (Pl.'s Mem. Opp. Def.'s Mot. Dismiss at 6.) Therefore, Nitride argues that it has a special interest in maintaining its claims against Digi-Key. *Emerson*, 606 F.2d at 241.

However, Nitride does not address the six remaining *Emerson* factors. The Court agrees with Digi-Key's assertions that none of these remaining factors weigh in favor of

rebutting the customer suit exception. In fact, Nitride states that it is agreeable to a stay under the customer suit exception pending the outcome of the action in New York and is only averse to a dismissal because of its interest in maintaining its claims against Digi-Key. (Pl.'s Mem. Opp. Def.'s Mot. Dismiss at 1.) Having considered the factors emphasized by the Eighth Circuit in *Emerson*, the Court finds that the customer suit exception to the first-to-file rule applies.

While the Court has discretion to either stay or dismiss under the customer suit exception, courts have historically favored a stay. *See, e.g.*, *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). Furthermore, the "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum Screening*, 657F.3d at 1357 (internal quotation omitted). A stay is more appropriate here because the Crystal IS action will likely resolve, moot, or advance major issues and disputes in the present action, such as invalidity and infringement. If the Court were to dismiss the Crystal IS product claims and the Crystal IS action later results in a finding that the Crystal IS products infringe the '270 Patent, Nitride would be forced to refile their previously dismissed claims. To promote efficiency and judicial economy, the Court finds that staying the claims involving the Crystal IS products pending resolution of the Crystal IS action is the most appropriate resolution.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay the claims regarding the Crystal IS products [Docket No. 23] is **GRANTED**.

2. This case is **STAYED** pending the resolution of *Crystal IS, Inc. v Nitride Semiconductors Co., Ltd.*, Case No. 21-606 (N.D.N.Y. May 24, 2021).

3. Within 21 days of the resolution of *Crystal IS, Inc. v Nitride Semiconductors Co., Ltd.*, Case No. 21-606 (N.D.N.Y. May 24, 2021), the parties shall jointly file a status report with the Court with an update. During the time that the New York action is pending, the parties shall file a yearly update with the Court on March 1.

4. Plaintiff may petition the Court to lift the stay prior to the resolution of *Crystal IS, Inc. v Nitride Semiconductors Co., Ltd.*, Case No. 21-606 (N.D.N.Y. May 24, 2021) if plaintiff believes that circumstances warrant a change.

DATED: March 17, 2022  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court